JUSTICE LEAPHART
concurring.
¶19 I specially concur with the result reached by the Court although I would reach that result for different reasons.
¶20 I conclude that, even assuming arguendo that the officers’ entry into Dunn’s backyard violated his expectation of privacy, the discovery *37 of the pipe was attenuated from the allegedly illegal entry, and thus the pipe was admissible.
¶21 The officers did not observe the hash pipe as a direct result of their entering Dunn’s backyard. Rather, they only discovered the pipe after running a check on Dunn’s name and discovering that there was an outstanding warrant for his arrest. Upon effectuating the arrest, they found the pipe. Thus, the evidence was the fruit of an outstanding arrest warrant and was not the fruit of an illegal entry into Dunn’s backyard.
¶22 In State v. New, 276 Mont. 529, 536, 917 P.2d 919, 923 (1996), we set forth the exceptions to the “fruit of the poisonous tree” doctrine:
[Derivative evidence is admissible if it is (1) attenuated from the constitutional violation so as to remove its primary taint; (2) obtained from an independent source; or (3) determined to be evidence which would have been inevitably discovered apart from the constitutional violation.
The United States Supreme Court recently affirmed that “exclusion may not be premised on the mere fact that a constitutional violation was a ‘but-for’ cause of obtaining evidence. Our cases show that but-for causality is only a necessary, not a sufficient, condition for suppression.” Hudson v. Michigan,_U.S._, 126 S. Ct. 2159, 2164 (2006).
¶23 In U.S. v. Green, 111 F.3d 515 (7th Cir. 1997), the police learned the names of the passengers in a car during an illegal traffic stop, ran a computer check, and found an outstanding arrest warrant for one of the passengers. While the officers were conducting an arrest, they searched the car and discovered cocaine and a gun. In denying the defendant’s motion to suppress, the Seventh Circuit established the following test for “attenuated connection”:
[T]he Supreme Court set forth three factors for determining whether the causal chain has been sufficiently attenuated to dissipate the taint of the illegal conduct: (1) the time elapsed between the illegality and the acquisition of the evidence; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct. In the final analysis, however, the question is still whether the evidence came from “the exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.”
Green, 111 F.3d at 521 (quoting Wong Sun v. U.S., 371 U.S. 471, 488, 83 S. Ct. 407, 417 (1963)).
¶24 The court in Green found that although the time period between the illegal stop and the search of the car was brief, the lawful arrest *38 constituted an intervening circumstance. Since the police had not engaged in official misconduct, the cocaine and the gun were not subject to the exclusionary rule. The Court explained:
It would be startling to suggest that because the police illegally stopped an automobile, they cannot arrest an occupant who is found to be wanted on a warrant-in a sense requiring an official call of “Oily, Oily, Oxen Free.” Because the arrest is lawful, a search incident to the arrest is also lawful. The lawful arrest... constituted an intervening circumstance sufficient to dissipate any taint cause by the illegal automobile stop.
Green, 111 F.3d at 521.
¶25 In Idaho v. Bigham, 117 P.3d 146 (Idaho App. 2005), the Court applied the attenuation doctrine, concluding that the existence of Bigham’s outstanding arrest warrant was an intervening circumstance. The court reasoned that “an officer’s act of stopping and questioning a person who is walking down a residential street at 4:00 a.m. is not outrageous, and the encounter, from initial contact to arrest, lasted only a few minutes.” Bigham, 117 P.3d at 149. Further, the officer conducted a warrant check only after he recalled that Bigham’s name was on a warrant list. The court thus concluded that the taint from the alleged illegal seizure of Bigham was attenuated. Bigham, 117 P.3d at 149.
¶26 In McBath v. Alaska, 108 P.3d 241 (Alaska App. 2005), police officers learned the name of the defendant during an arguably illegal investigative stop. They then ran a warrants check, found an outstanding arrest warrant, executed the warrant and conducted a search incident to arrest during which methamphetamine was discovered. The Alaska court held that “any taint flowing from the arguably illegal investigative stop was too attenuated to affect the admissibility of the methamphetamine.” McBath, 108 P.3d at 250. See also, Hall v. Wyo., 166 P.3d 875 (Wyo. 2007) (evidence collected during pat down search was not fruit of illegal wiretap but of subsequent valid trafile stop).
¶27 Applying the above principles to the present case, I conclude that execution of the outstanding warrant was an “independent intervening circumstance” that dissipated the taint of any arguably unlawful entry.
¶28 For the above reasons, I would affirm the denial of Dunn’s motion to suppress.
JUSTICE NELSON joins the concurring opinion of JUSTICE LEAPHART.